**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LINDSEY JACOBS, | ) |
| | ) No. 14 CV 5335 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| CITY OF CHICAGO, *et al.*, | ) |
| | ) January 16, 2015 |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Before the court is the motion of Defendants City of Chicago, Jeffrey P. Stanek, Carlos M. Santiago, and Allison Schloss (collectively, "Defendants"), for the entry of a confidentiality order limiting the dissemination of information contained in documents known as Complaint Registers ("CRs"). For the following reasons, Defendants' motion is granted in part and denied in part:

**Background**

The current motion presents an oft-raised issue in Section 1983 cases: the extent to which police officers' CR files are publicly available, thereby precluding parties from designating them as "confidential" or otherwise limiting their dissemination pursuant to a confidentiality order. (See R. 21, Defs.' Mot.) Here, Defendants' proposed confidentiality order only excludes the "final outcome of cases in which discipline is imposed" from its definition of "Confidential Information," (R. 21-2, Ex. B, Defs.' Proposed Order ¶ 2), while Plaintiff's proposed order excludes the entire CR file from its definition, not just the final outcomes, (R. 21-5, Ex. D, Pl.'s Proposed Order ¶ 2). The parties have also submitted an alternate third

proposed order which provides that certain sensitive, non-public information will be considered confidential, and that access to CR files will be limited to the parties and their attorneys in this case unless Plaintiff gives Defendants 30 days written notice allowing Defendants to move for a protective order or review the files to ensure they are properly redacted before public release. (R. 21-7, Ex. F, Alternate Proposed Order ¶¶ 2, 18.)

**Analysis**

Courts in this district have frequently grappled with whether confidentiality orders should define CR files as confidential with varying results. *See Calhoun v. City of Chi.*, 273 F.R.D. 421, 423 (N.D. Ill. 2011) (collecting cases). But in March 2014, the Illinois Appellate Court held that CR files are not exempt from disclosure under the Illinois Freedom of Information Act ("IFOIA"), 5 ILCS 140/1 *et seq. See Kalven v. City of Chi.*, 2014 IL App (1st) 121846 at ¶ 22 (2014) (citing 5 ILCS 140/7(1)(n)). Although *Kalven* definitively held that CR files are subject to public inspection, Defendants argue that the *Kalven* decision is not binding on this court and also does not preclude the application of other exemptions within IFOIA to CR files. (R. 21, Defs.' Mot. ¶ 3.) More specifically, Defendants contend that IFOIA Section 140/7(1)(c) still protects private personal information in CR files from disclosure without written consent, and Section 140/7(1)(f) protects "[p]reliminary drafts, notes, recommendations, memoranda" and other portions of CR files unless they are "publicly cited and identified by the head of the public body." (R. 21, Defs.' Mot. ¶¶ 4-5.) Defendants further argue that IFOIA and *Kalven* aside, courts have

generally limited public access to certain materials produced in discovery but not filed in court proceedings, an approach Defendants assert is especially appropriate for CR investigations in which no discipline was imposed. (Id. ¶¶ 6-9.)

In response, Plaintiff contends that *Kalven* eviscerates any support for Defendants' position because information available to the public cannot be deemed "confidential" under the terms of the proposed orders. (R. 31, Pl.'s Resp. ¶¶ 2, 6.) Plaintiff notes that courts in this district have recently relied on *Kalven* to find that defendants did not meet their burden of showing good cause to protect CR files because those files are now subject to public inspection. (Id. ¶ 5 (citing *Anderson v. Ward,* No. 13 CV 9056, Dkt. No. 47 (July 10, 2014))); *see also Kuri v. City of Chi.*, No. 13 CV 1653, Dkt. No. 77 (June 11, 2014). Plaintiff further argues that to the extent Defendants have concerns regarding disclosure of private information or an investigator's determinative process, targeted redactions would adequately address those concerns. (Id. ¶ 4.)

In determining whether Defendants have shown good cause for the entry of their proposed protective order, this court must "balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order." *Calhoun*, 273 F.R.D. at 422 (citing *Wiggins v. Burge,* 173 F.R.D. 226, 229 (N.D. Ill. 1997)). While the *Kalven* decision does not bind this court, the holding in *Kalven* warrants deference because it is an Illinois state court's interpretation of Illinois law. *See Bush v. Gore*, 531 U.S. 98, 112 (2000) (Rehnquist, C.J., concurring). Similarly, although IFOIA does not

3

control this court's determination of whether Defendants have shown good cause, *see Calhoun*, 273 F.R.D. at 423, IFOIA is still helpful in making that determination, *see Johnson v. Kemps*, No. 09 CV 4857, 2011 WL 2550507, at *2 (N.D. Ill. June 20, 2011).

Considering *Kalven*'s interpretation of IFOIA, this court agrees with Plaintiff that marking entire CR files confidential, only excepting "final outcomes" in cases where discipline was imposed, is unjustified. At the same time, this court also agrees with Defendants that the wholesale release of entire CR files to the public would constitute an unwarranted invasion of personal privacy and could cause unnecessary annoyance or embarrassment. *See* 5 ILCS 140/7(1)(c); Fed. R. Civ. P. 26(c). The public's interest in access to unfiled discovery materials is less substantial than its interest in court filings and evidence presented at trial. *See Coffie v. City of Chi.*, No. 05 CV 6745, 2006 WL 1069132, at *2-3 (N.D. Ill. Apr. 21, 2006) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 31 (1984)); *see also Bond v. Utreras*, 585 F.3d 1061, 1074-75 (7th Cir. 2009) ("Pretrial discovery . . . is usually conducted in private."). The court is also cognizant of the fact that third-party witnesses whose statements are contained in CR files have legitimate privacy interests that warrant protection. *See Paine v. City of Chi.*, No. 06 CV 3173, 2006 WL 3065515, at *8 (N.D. Ill. Oct. 26, 2006).

Balancing the parties' interests, this court finds that a modified version of the parties' proposed alternate order is most appropriate in this case. The alternate order protects sensitive, private information in the CR files while also establishing

4

parameters for the public release of redacted CR documents for purposes other than this litigation. (See R. 21-7, Ex. F, Alternate Proposed Order ¶¶ 2, 18.) This type of approach has been used in other recent orders in this district, including in *Castellanos v. Lawryn,* No. 14 CV 1841, Dkt. No. 50 (Jan. 13, 2015) and *Collier v. City of Chicago,* No. 14 CV 2157, Dkt. No. 30 (Oct. 17, 2014). However, in the interest of simplicity, the court modifies the proposed alternate order as follows:

- Subsection (h) of Paragraph 2, along with the subsequent paragraph beginning with "'Confidential Information,'" is replaced with "and (h) any other information of a personal, private, sensitive, or non-public nature."

- Paragraph 18 is revised to exclude language regarding the opportunity to move for a protective order, given that officers can always seek such an order without an explicit provision providing for that right.

- Subsections (a) and (b) of Paragraph 18 are removed. Instead, Paragraph 18 is revised to provide that prior to public release, CR files will be redacted to protect the following: (1) information prohibited from disclosure by statute; (2) information of a personal, private, sensitive, or non-public nature; and (3) any other information agreed to by the parties.

The court believes that as modified above, the alternate order is a reasonable compromise between the parties' positions that serves the interests of both sides. *See Coffie*, 2006 WL 1069132, at *1 (noting that seeking to completely bar public dissemination of CR files and seeking an absolute right to use CR files in any way ones chooses are both "extreme positions" that do not "accurately capture the delicate balancing of private and public interests which must occur when both sides have legitimate concerns").

**Conclusion**

For the foregoing reasons, Defendants' motion for a protective order is granted in part and denied in part. The court enters the alternate confidentiality order as modified.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**